**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**FORREST GREENE JR ET AL**          **CASE NO.  6:19-CV-00018**

**VERSUS**                                          **JUDGE SUMMERHAYS**

**ZURICH  AMERICAN  INSURANCE**   **MAGISTRATE JUDGE HANNA**
**CO**

**REPORT AND RECOMMENDATION**

Before the Court are the cross Motions for Summary Judgment on choice of law filed on behalf of Plaintiffs, Forrest and Laura Greene, and Defendant, Zurich American Insurance Company. (Plaintiffs' Motion at Rec. Doc. 13; Opposition at Rec. Doc. 17; Reply at Rec. Doc. 22. Zurich's Motion at Rec. Doc. 15; Opposition at Rec. Doc. 18; Reply at Rec. Doc. 23). Also before the Court is Plaintiffs' Motion to Strike Zurich's Motion for Summary Judgment and Exhibits (Rec. Doc. 19), which Zurich opposed (Rec. Doc. 24). The Motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that Plaintiffs' Motion for Summary Judgment (Rec. Doc. 13) be GRANTED; that Zurich's Motion for Summary Judgment (Rec. Doc. 15) be DENIED; and that Plaintiffs' Motion to Strike Defendant's Motion for Summary Judgment and/or Exhibits (Rec. Doc. 19) be DENIED.

**Factual Background**

Plaintiffs filed this suit for Forrest Greene's injuries sustained in an automobile accident in Texas in April 2017. At the time of the accident, Mr. Greene, a resident of New Iberia, Louisiana, was working for Forum Energy Technologies on a temporary job in Dayton, Texas. (Rec. Doc. 13-4). Plaintiffs allege that Mr. Greene's uninsured/underinsured motor vehicle insurer, Zurich, the only defendant in this case, is liable for failing to make a timely unconditional tender and for penalties and attorneys' fees for mishandling evaluation and administration of Plaintiffs' claim. (Rec. Doc. 1-5, at 7). Zurich removed the case on the grounds of diversity jurisdiction under 28 U.S.C. §1331. (Rec. Doc. 1).

Zurich issued the policy in question to Mr. Greene's employer, Forum, at its address in Houston, Texas through a producer in Houston, Texas. (Rec. Doc. 13-18; 17-2). Included in the Zurich policy was an endorsement entitled "Louisiana Uninsured Motorists Coverage," which applied to covered autos licensed or principally garaged in Louisiana. (Rec. Doc. 13-18, at 213).

In response to the Court's request, Plaintiffs and Zurich filed the motions for summary judgment now before the Court seeking a judgment as to whether Louisiana or Texas law applies to Plaintiffs' UM claims against Zurich.

## Applicable Law

### I.    Law Applicable to Motions for Summary Judgment.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(a) also permits partial summary judgment on any part of a claim or defense. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex*., 560 F.3d 316, 326 (5th Cir.2009); *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir.2000). A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir.2008) (citing *Anderson,* 477 U.S. at 252); *Hamilton,* 232 F.3d at 477.

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir.2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Washburn v. Harvey*, 504 F.3d at 508. All facts and inferences are construed in

the light most favorable to the nonmoving party. *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir.2008) (citing *Celotex*, 477 U.S. at 325). The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir.2005).

## II.   **Plaintiffs' Motion to Strike Zurich's Motion for Summary Judgment and/or Exhibits.**

Before considering the merits of the cross Motions for Summary Judgment, the Court must initially address Plaintiffs' Motion to Strike Zurich's Motion for Summary Judgment. Plaintiffs first object to Zurich's Motion as untimely. Following a telephone status conference on May 2, 2019, the parties agreed to file cross motions for summary judgment regarding choice of law within forty-five days, or by June 17, 2019.[1] (Rec. Doc. 11). The Court issued an Order for the parties to file their cross-motions; however, no timeframe was set forth in the Order. (Rec.

---

[1]     Forty-five days expired on Sunday, June 16, 2019.

Doc. 12). Plaintiffs filed their Motion on June 14, 2019. Zurich filed its Motion on June 18, 2019. (Rec. Doc. 15). Plaintiffs contend that Zurich "gave itself an opportunity for advantage" with the ability to read Plaintiffs' motion before filing its own. (Rec. Doc. 19-1, at 2).

First, the Court finds that the forty-five day time period was not specifically set forth in the Court's Order, but, rather, memorialized as an agreement of the parties in the minutes of the phone conference. As such, the Court does not find that the parties were formally bound by this time limit. Even assuming that Zurich's motion was untimely, which the Court does not find, the Court is vested with broad discretion in permitting untimely filings. *Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360, 367 (5th Cir.1995). The Court finds that the filing of Zurich's Motion, filed one day after expiration of the forty-five day period, has not prejudiced Plaintiffs in any way. Both parties were equally equipped with the evidence and law necessary to file their motions at the pertinent times, and, indeed, Zurich's Motion for Summary Judgment was not materially different than its Opposition to Plaintiffs' Motion for Summary Judgment, suggesting that it did not appreciate any unjust advantage by reading Plaintiffs' Motion before filing its own.

Plaintiffs next argue that Zurich's unsworn declarations of its adjuster and a Forum employee should be stricken. In ruling upon a motion for summary judgment, the court may consider an "unsworn declaration ... in writing of [a] person which is

subscribed by him, as true under penalty of perjury and dated." *Stewart v. Guzman*, 555 Fed.Appx. 425, 431–32 (5th Cir.2014), citing 28 U.S.C. §1746. Further, the declarations do not set forth any information which is determinative of the issue or which cannot otherwise be gleaned from the record.[2] Further, the Court agrees with Zurich that personal knowledge and competency of the declarants may be inferred from the substance of the declarations. See *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir.2005). Thus, the Court declines to strike the declarations of Donnette Murphy and Kevin Clotier, and the Court recommends that Plaintiffs' Motion to Strike be denied.

### III.    Choice of Law Analysis.

The court sitting in diversity jurisdiction must apply the substantive law of the forum state. *Abraham v. State Farm Mut. Auto. Ins. Co.,* 465 F.3d 609, 611 (5th Cir. 2006), citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78–80 (1938). In determining which state's substantive law to apply, the court is to apply the forum state's choice-of-law rules. *Id*., citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941); *Smith v. Waste Mgmt., Inc.,* 407 F.3d 381, 384 (5th Cir.2005).

---

[2]    For instance, Donnette Murphy declared that Zurich issued its policy to Forum in Houston, Texas, (Rec. Doc. 15-3), and Kevin Clotier declared that Forum's principal place of business is Houston, Texas (Rec. Doc. 15-4). Pertinent information regarding issuance of the policy in Texas is in the record as part of Plaintiffs' submissions at Rec. Doc. 13-18.

The Louisiana Supreme Court in *Champagne v. Ward* established the choice-of-law framework to be applied in cases involving parties and insurance policies of different states. *Champagne v. Ward,* 893 So.2d 773 (La.2005). In applying the *Champagne* analysis, the court is to first determine whether the provisions of each state's applicable law differ. *Id*. at 786. Upon finding substantive differences in the states' laws, the court is to conduct a choice-of-law analysis under Louisiana rules. *Id*.

Under Louisiana law, an UM insurer is obligated to tender an amount of a claim over which reasonable minds could not differ upon presentation of satisfactory proof of loss, and it is liable for statutorily mandated penalties in the absence of such a tender. *McDill v. Utica Mutual Ins. Co.,* 475 So.2d 1085, 1091 (La.1985); *Abraham*, 465 F.3d at 611; La. R.S. 22:1892; La. R.S. 22:1973. Texas law does not obligate an UM insurer to issue a tender, but rather to attempt in good faith to effectuate a prompt, fair, and equitable settlement in conformance with the duty of good faith and fair dealing. *Hamburger v. State Farm Mut. Auto. Ins. Co*., 361 F.3d 875, 880 (5th Cir.2004), citing *Universe Life Ins. Co. v. Giles,* 950 S.W.2d 48, 55 (Tex.1997). Therefore, substantive differences between Louisiana and Texas UM law prompt a choice of law analysis.

La. C.C. art. 3515 and 3537 are Louisiana's applicable choice of law rules. The former concerns cases involving contacts with other states, and the latter concerns conventional obligations, both of which are present in this case.

> [A]n issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.
>
> La. C.C. art. 3515.
>
> [A]n issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.
>
> La. C.C. art. 3537.

"The first step in determining which state's law applies under these sections is to identify the policies involved for each state." *Abraham*, citing *Id.* cmt. d.

8

Louisiana has a "strong interest in ensuring full recovery of damages by accident victims injured on its roads." *Abraham*, 465 F.3d at 613, citing *Zuviceh v. Nationwide Ins. Co.,* 786 So.2d 340, 345 (La.Ct.App. 1st Cir.2001); *Malbreaugh v. CNA Reinsurance Co.,* 887 So.2d 494, 496 (La.Ct.App. 1st Cir.2004). Zurich cites to Texas's policy of the uniform application of its insurance laws and upholding expectations of parties to Texas contracts. Rec. Doc. 17, at 12-13, discussing *Abraham, supra*; *Kreid v. State Farm Mut. Ins. Co.,* No. CV 3:17-01644, 2018 WL 6728586, at *3 (W.D. La. Dec. 21, 2018), citing *Champagne, supra.*

When competing states' interests are "profound," as in this case, the Court must "evaluate them in light of each state's relationship to the parties and the dispute." *Abraham*, 465 F.3d at 613. In doing so, the court should consider factors such as 1) the plaintiff's residence; 2) where the insurance contract was formed; 3) where the vehicle was garaged and registered; and 4) the state in which the policy was issued. *Id*., citing *Champagne*, 893 So.2d at 789.

Other factors bearing on contacts include the place where plaintiff has undergone medical treatment, the reason the out-of-state motorist was present in the state, whether such contacts were ongoing or minimal, and whether the policy contemplated application of another state's laws. *Zuviceh v. Nationwide Ins. Co.,* 2000-0773 (La. App. 1 Cir. 5/11/01), 786 So. 2d 340, 347, *writ denied*, 2001-2141 (La. 11/9/01), 801 So. 2d 373. See also *Abraham* and *Champagne,* both *supra.*

The facts presented in *Jones v. Am. Fire-Indem. Ins. Co*. are similar to those

before the Court. In that case, the plaintiff, a Louisiana resident, was driving his

Texas-employer owned vehicle when he was involved in an accident in Louisiana.

*Jones v. Am. Fire-Indem. Ins. Co*., 442 So. 2d 772, 774 (La. App. 1 Cir. 1983).[3] The

policy was formed and issued in Texas; however, the policy specifically applied to

vehicles garaged in Louisiana, such that the insurer was required to comply with

Louisiana UM requirements. *Id*. As the *Jones* court noted:

> [T]he automobile in question was garaged, registered and licensed in
> Louisiana. Obviously, the likelihood of the application of the Louisiana
> UM statute to its insurance policy should have been readily envisioned
> by [the insurer]. Under these circumstances, the mere fact that the
> policy was issued and delivered in Texas should not relieve the
> insurance company of the necessity of complying with the Louisiana
> UM requirements.

> *Id.*

See also *Gates v. Claret*, 945 F.2d 102, 106 (5th Cir. 1991), relying on *Jones*

for the proposition that the application of Louisiana law "should have been readily

envisioned" because "the automobile in question was garaged, registered, and

licensed in Louisiana," and discussing *Stickney v. Smith,* 693 F.2d 563 (5th

Cir.1982), and *Bell v. State Farm Mutual Automobile Insurance Co.,* 680 F.2d 435

---

[3]    The Court is cognizant that *Jones* was decided prior to 1987, when Louisiana's UM laws
and choice of law rules were revised. However, the *Jones* opinion is nevertheless
instructive in the analysis of the competing states' interests. See *Zuviceh*, 786 So.2d at 347,
discussing *Francis v. Travelers Ins. Co.,* 581 So.2d 1036, (La.App. 1st Cir.1991), *writs
denied,* 588 So.2d 1114, 1121 (La.1991).

(5th Cir.1982), in which "Louisiana law was applied to insurance policies issued out of state by out-of-state companies; however, in both cases, the drivers insured by these policies were living in, and the cars were garaged in, Louisiana at the time of the accidents at issue."

In another similar case, *Dunlap v. Hartford Ins. Co*., the plaintiff, a Louisiana resident, was involved in an accident in Louisiana while driving his employer-issued vehicle. *Dunlap v. Hartford Ins. Co. of Midwest,* 2004-0725 (La. App. 1 Cir. 3/24/05), 907 So. 2d 122, 126–27. His employer was a domiciliary of Michigan, where its policy had been issued and delivered. In determining that Louisiana law applied to the plaintiff's UM claims, the court reasoned as follows:

> [T]he liability policy in this case provided commercial coverage for a fleet of vehicles used nationwide, in which the vehicle owner and insurer could readily anticipate that another state's laws might apply, and in which the policy itself reflects that expectation. Moreover, the vehicle owner and insurer in this case also knew that residents of other states would be insured under the policy and the vehicles they were driving would be registered, licensed, garaged, and principally used in other states. Finally, in this case, the named insured had a substantial commercial presence in the state of Louisiana and received the benefits of Louisiana laws by maintaining offices here and conducting business here.

*Id*.

In this case, Mr. Greene was a resident of Louisiana, notwithstanding that he was on a temporary job assignment in Texas at the time of the accident. (Rec. Doc. 13-4). Although he received emergency medical treatment in Texas, the majority of

his medical treatment occurred in Louisiana. (Rec. Doc. 13-4). His employer, Forum, provided the vehicle to him and contemplated that he would perform work in Louisiana. (Rec. Doc. 13-4). Significantly, the Zurich policy contains a specific Louisiana UM endorsement, which states: "For a covered 'auto' licensed or principally garaged in…Louisiana, this endorsement modifies insurance provided under [certain coverage forms]. (Rec. Doc. 13-18, at 213). Therefore, pursuant to the reasoning in *Jones* and *Dunlap*, *inter alia*, Zurich should have readily anticipated that Louisiana UM law would apply. The fact that the Zurich policy was formed and issued in Texas cannot be the deciding factor in this case. Further, Louisiana law would not abrogate Texas's insurance contract, since the Texas policy specifically contemplated application of Louisiana law to UM claims. See *Champagne*, 893 So.2d at 789. Accordingly, the Court finds that Louisiana's interests would be most affected if its UM laws were not applied.

Zurich cites *Juge v. Yee*, 261 F.Supp.3d 694 (M.D.La. 2017), *Triche v. Martin*, 13 So.3d 649 (La.App. 1 Cir. 2009), *Collins v. Downs*, 11-1124 (La.App. 4 Cir. 1/25/12); 83 So.3d 1177, and *Garces-Rodriguez v. Geico Indemnity Company*, 16-196 (La.App. 5 Cir. 12/21/16); 209 So.3d 389 for its position that Texas law should apply to its policy issued and delivered in Texas; however, these cases are distinguishable, because none of these cases considered a policy with a specific Louisiana UM endorsement or a Louisiana resident driver employed by a non-

12

resident named insured. The existence of the specific Louisiana UM endorsement in the Zurich policy, in conjunction with the fact that the vehicle was garaged in Louisiana, where Mr. Greene worked for Forum, brings this case within the ambit of the *Jones* and *Dunlap* decisions. As such, the Court finds that Louisiana law must govern.

## Conclusion

For the reasons discussed herein, it is recommended that Plaintiffs' Motion for Summary Judgment (Rec. Doc. 13) be GRANTED, and that Zurich's Motion for Summary Judgment (Rec. Doc. 15) be DENIED. The Court recommends that Louisiana law be applied to this case. It is further recommended that Plaintiffs' Motion to Strike Defendant's Motion for Summary Judgment and/or Exhibits (Rec. Doc. 19) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

      THUS DONE in Chambers, Lafayette, Louisiana on this 7th day of August, 2019.

_____

PATRICK J. HANNA